IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP AND
TRAINING FUND, WISCONSIN LABORERS DRUG
FUND, WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,
and JOHN SCHMITT,

                Plaintiff,

   v.

SUPERIOR SEWER & WATER, INC.,

               Defendant.

OPINION and ORDER

21-cv-193-jdp

---

Plaintiffs, a group of labor union funds including the Wisconsin Laborers Health Fund, are suing defendant Superior Sewer & Water, Inc., for failing to make required contributions under a collective bargaining agreement in violation of federal law. Dkt. 1 Plaintiffs move for entry of default and for default judgment because Superior has not pleaded or otherwise defended this action. Dkt. 3 and Dkt. 5. But a review of plaintiffs' court filings reveals that plaintiffs haven't properly served Superior, so the court will deny plaintiff's motions without prejudice.

The party moving for entry of default has the burden of showing that service of process was proper under Federal Rule of Civil Procedure 4. *Geraci v. Everhart*, No. 09-C-433, 2009 WL 3446193, at *2 (E.D. Wis. Oct. 23, 2009). Rule 4(h)(1)(A) provides that a corporation such as Superior may be served in the manner for serving an individual, and Rule 4(e)(1) provides that an individual may be served by following the law of the either the forum state or the state where the party will be served—in this case, Wisconsin. Under Wisconsin law, a

plaintiff may serve a corporation by serving its authorized agent in a manner allowed by any other state statute. Wis. Stat. § 801.11(c). Wisconsin's corporations statute permits a plaintiff to serve a corporation by certified mail if the corporation's agent cannot be served personally with a reasonably diligent effort. Wis. Stat. § 180.0504(2). In this case, plaintiffs contend that § 180.0504(2) authorized them to serve Superior by certified mail because they were unable to personally serve Superior despite a reasonably diligent effort.

As an initial matter, plaintiffs should have sought permission from the court *before* they used an alternative method of service. *Cf. Cunningham v. Montes*, 883 F.3d 688, 689 (7th Cir. 2018) ("[W]hen 'reasonable diligence' has not succeeded in producing service in hand, then a court may authorize service by publication"); *Wisconsin Laborers Health Fund et al v. Forward Contractors, LLC et. al.*, No. 19-cv-465-jdp, Dkt. 24 (W.D. Wis. Sept. 5, 2019) (denying default motion filed by the law firm representing the plaintiffs in this case in part because counsel didn't seek court approval for alternative service). It simply makes sense to seek court approval in advance, to avoid situations like this one in which the plaintiff has already attempted alternative service and moved for default, only to be told by the court that service was improper. That is a waste of both counsel's and the court's resources.

More fundamentally, plaintiffs haven't shown that they exercised reasonable diligence in attempting to personally serve Superior. Reasonable diligence does not require "all possible diligence which may be conceived." *Haselow v. Gauthier*, 212 Wis. 2d 580, 569 N.W.2d 97 (Ct. App. 1997). But it does require a plaintiff to "exhaust . . . any leads or information reasonably calculated to make personal service possible" *Cunningham v. Montes*, No. 16-cv-761-jdp, 2018 WL 2390118, at *2 (W.D. Wis. May 25, 2018); *see also West v. West*, 82 Wis. 2d 158, 164, 262 N.W.2d 87, 89 (1978).

Here, plaintiffs hired a process server to serve Superior. Dkt. 8 and Dkt. 8-1. According to the affidavit of process, the process server looked up Superior in the Wisconsin Department of Financial Institution's records and found that Superior's registered agent was Chad James Dorner. Dkt. 8-1. The process server went to Superior's principal office, but it turned out to be Dorner's residence. Dorner wasn't home; his wife said that he would be "home late." *Id.* The process server left a business card with Dorner's wife. Later, she texted the process server and said that the only way to find Dorner was to go to his business address, which she provided. The process server went to the business address the next day. An employee was there, but he refused to identify himself or accept service. The process server left. He ran a "skip and trace" to get a phone number for Dorner and made "many attempts to call and text him." *Id.* The person at that phone number, who was not confirmed to be Dorner, answered one call but hung up immediately. Later that day, the person at that phone number called the process server multiple times but the person immediately hung up. The process server called and texted the phone number and messaged Dorner on Facebook over the next several days but received no response.

Plaintiffs' attempt to serve Dorner was not reasonably diligent because the process server didn't exhaust all of the leads that he obtained from Dorner's wife at Dorner's residence. Dorner's wife told the process server that Dorner would be home late, but the process server didn't return to the residence later that day, or any other day. Perhaps this was because Dorner's wife told the process server that Dorner could only be found at his work address. But if that was the case, it's not clear that it was reasonable to rely on that information. After all, the residence was the address provided by the Department of Financial Institutions, and Dorner's wife indicated that he would come home. The process server did attempt to find

3

Dorner at the work address provided by Dorner's wife, but he only made one attempt there, too, and he didn't ask the Superior employee where Dorner was or when he would return.

If Dorner knew that the process server was attempting to find him, and Dorner tried to avoid service by ignoring the process server's phone calls, texts, and Facebook messages, it might be a reason to allow alternative service. But "a defendant's attempts to evade service do not absolve a plaintiff of the requirement to exercise reasonable diligence in attempting to serve the defendant" in the first place. *Cunningham*, 2018 WL 2390118, at *2; *Keefe v. Arthur,* No. 00-0016-C, 2003 WL 23109616, at *2 (W.D. Wis. Aug. 20, 2003). And the court isn't persuaded that a single attempt of service at two locations qualifies as making a reasonably diligent effort under the circumstances of this case. *See Ass'n of Egyptian-Am. Scholars, Inc. v. Geriesh*, No. 09-cv-772-bbc, 2010 WL 3666996, at *2 (W.D. Wis. Sept. 15, 2010); *Haselow*, 212 Wis. 2d at 584.

If the moving party moving for entry of default is unable to show proper service, the party should not be granted entry of default. *Geraci,* 2009 WL 3446193, at *2. So the court will deny plaintiffs' motions for entry of default and default judgment, but plaintiffs may attempt to re-serve the complaint to comply with the reasonable diligence requirement. If they fail to achieve personal service and wish to serve by certified mail, they must first obtain the court's authorization.

ORDER

IT IS ORDERED that plaintiffs' motions for entry of default, Dkt. 3, and for default judgment, Dkt.5, are DENIED without prejudice. Plaintiffs may have until October 1, 2021, to file proof of personal service, file a motion for leave to serve by alternative means, or show

cause why they are unable to do so. If plaintiffs fail to respond by that date, the court will dismiss the case for failure to prosecute.

Entered September 3, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge